John it. Tenney, J.
Plaintiff brings this action for an annulment alleging that the defendant married him in violation of a restriction in a decree. A decree of this court dated December 18, 1958, divorced the defendant from her previous husband and provided that she could not marry for a period of three years. Defendant married the plaintiff on July 25, 1959, without permission of the court. Although plaintiff’s prayer for relief seeks an annulment, he is actually .seeking a declaratory judgment determining that the marriage was void, and thus, a nullity. (Presbrey v. Presbrey, 6 A D 2d 477, 483.) Former section 8 of the Domestic Relations Law has been amended now providing: ‘ ‘ "Whenever, and whether prior or subsequent to September first, nineteen hundred sixty-seven, a marriage has been dissolved by divorce, either party may marry again.”
Since the marriage occurred prior to 1967, and if it is determined that the restriction of the court was still in effect, the marriage was a void contract, and thus, no contract at all. (Boardman’s New York Family Law, ch. 1, § 3; ch. 2, § 25.01.)
In the instant case, defendant was divorced and remarried prior to September 1, 1967, The marriage was void at the time, *917 not merely voidable, under former section 8 of the Domestic Relations Law. The subsequent act of the Legislature did not change the situation. (Polizzi v. Polizzi, 13 Misc 2d 309, and cases cited on pp. 309-310; Cf. Matter of Farber v. United States Trucking Corp., 26 N Y 2d 44 [Bergan, J.].)
Since the marriage was void, the action for an annulment is unnecessary. Therefore, that action is dismissed. Plaintiff should submit an order which determines that the marriage was void.